■ BAY RIDGE AIR RIGHTS, INC., Respondent, v FRANKLIN NATIONAL BANK et al., Defendants, and GREATER NEW YORK MUTUAL INSURANCE COMPANY, Appellant.—Order, Supreme Court, New York County, entered September 28, 1977, which granted plaintiff's motion for summary judgment to the extent of awarding plaintiff judgment in the amount of $357,300, with interest, and reserving two of the remainder of plaintiff's claims (in the amounts of $60,000 and $30,000) for trial, unanimously modified, on the law, to the extent of awarding defendant the Greater New York Mutual Insurance Company, summary judgment dismissing plaintiff's causes of action which sought to recover said $60,000 and $30,000, and, as so modified, affirmed, without costs and disbursements. As a consequence of the dishonesty of the president of the management corporation, Hugh E. Roth & Co., Inc., plaintiff sustained losses which it claims are covered by the fidelity bond issued by defendant the Greater New York Mutual Insurance Company. Plaintiff moved for partial summary judgment on the first three causes of action set forth in its complaint totaling $357,300 which motion was properly granted by Special Term. Patently, the acts which the president, Roth, committed during the applicable term of the unambiguous fidelity bond were embraced within the coverage provided by that bond. However, Special Term noted that a $60,000 check which is the subject of the fifth cause of action and United States Treasury Notes in the sum of $30,000 which are the subject of the fourth cause of action are still in dispute—the issue being whether the thefts of these items occurred during the policy period, which issue was reserved for trial. The $60,000 check was drawn on February 13, 1975, subsequent to the termination of Roth's services as managing agent on December 1, 1974 and is, therefore, not covered by the bond. As the bond did not become effective until May 3, 1974 and as the theft of the treasury notes totaling $30,000 occurred on March 15, 1974, prior thereto, such theft is also not covered. Accordingly, defendant the Greater New York Mutual Insurance Company's request for summary judgment in its behalf must be granted to the extent of dismissing plaintiff's causes of action which sought to recover said $60,000 and $30,000. Settle order on notice. Concur—Lupiano, J. P., Birns, Evans and Markewich, JJ.

■ In the Matter of ROBERT S. PIRIE.—Motion for an order admitting petitioner to practice as an attorney in this State. On the court's own motion, petitioner is directed to serve notice upon the Attorney-General of the State of New York that petitioner will challenge the constitutionality of CPLR 9406 (subd 2) and section 464 of the Judiciary Law and serve copies of all motion papers and memoranda of law submitted so as to permit the Attorney-General to appear as a party in this proceeding. Concur—Kupferman, J. P., Silverman, Fein, Sandler and Sullivan, JJ.